UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL FERGUSON,

                **Plaintiff,**

                  **v.**

CORRECTION SERGEANT
BRYAN D. MASON et al.,

                **Defendants.**
_____

**9:19-cv-927
(GLS/ATB)**

## SUMMARY ORDER

Plaintiff Michael Ferguson commenced this action against defendants correction officers Sergeant Bryan D. Mason, Kevin P. Dominie, John R. Lamora, and John Does 1-3, alleging an Eighth Amendment excessive force claim pursuant to 42 U.S.C. § 1983, and a negligence claim pursuant to New York State law. (Compl., Dkt. No. 1.) Specifically, Ferguson alleges that he suffered serious injuries from being assaulted by defendants while he was in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) at Clinton Correctional Facility. (*See generally* Compl.)

Defendants moved for summary judgment, arguing that Ferguson's excessive force claim should be dismissed because he did not exhaust his

administrative remedies before commencing the instant action, and that his negligence claim should be dismissed pursuant to New York Correction Law § 24 and the Eleventh Amendment. (Dkt. No. 15, Attach. 11 at 4-10.) Ferguson then cross-moved for partial summary judgment, asserting that he is entitled to judgment as to the exhaustion issue, because the grievance process was unavailable to him. (Dkt. No. 17, Attach. 8 at 2-11.)

The court referred the motions to Magistrate Judge Andrew T. Baxter to conduct an exhaustion hearing and to issue a Report and Recommendation as to whether Ferguson exhausted his administrative remedies before commencing the pending action. (Dkt. No. 22.) On January 7, 2021, Judge Baxter issued a Report and Recommendation (R&R), which recommends that defendants' motion for summary judgment, (Dkt. No. 15), be granted, and Ferguson's cross-motion for partial summary judgment, (Dkt. No. 17), be denied, (Dkt. No. 38). Ferguson filed timely objections to the R&R. (Dkt. No. 39.)

For the reasons that follow, the R&R is adopted in its entirety, and defendants' motion for summary judgment is granted, Ferguson's cross-motion for partial summary judgment is denied, and Ferguson's complaint is dismissed.

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, or only vague or general objections have been filed, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *5.

After a full hearing, where six witnesses testified, including Ferguson, Magistrate Judge Baxter determined that Ferguson was not credible with respect to his claim that DOCCS staff members refused his requests for assistance with filing a grievance; his version of the events is exaggerated and contradicted by persuasive evidence; and, "despite instructions from DOCCS central office on how he could follow up when his initial grievance submission was rejected as untimely, [Ferguson] did not complete the prescribed administrative process, as required." (Dkt. No. 38 at 3.) Accordingly, Magistrate Judge Baxter recommends judgment be entered in favor of defendants as to Ferguson's excessive force claim due to his

3

failure to exhaust his administrative remedies.[1]  (*Id.* at 13-25.)

Ferguson objected to the R&R, arguing that the R&R should be rejected because Magistrate Judge Baxter erred in finding that (1) Ferguson was not credible with respect to his allegation that he requested assistance from DOCCS staff with preparing a grievance; (2) Ferguson exaggerated his inability to write out a grievance; and (3) the grievance process was available to him after his initial grievance was denied as untimely.  (Dkt. No. 39, Attach. 1 at 1.)

In support of his objections, Ferguson merely refers the court to arguments he previously made in his memorandum of law in support of his cross-motion for partial summary judgment and in his post-hearing submission.  (Dkt. No. 39, Attachs. 1-3.)  Indeed, Ferguson does not include any new analysis, and does not assert a specific error in Judge Baxter's legal reasoning; rather, he asserts, in conclusory fashion, that

---

[1] Judge Baxter also recommends summary judgment be granted as to Ferguson's negligence claim pursuant to New York Correction Law § 24 to the extent that Ferguson brings this claim against defendants in their individual capacities, and pursuant to the Eleventh Amendment to the extent that he brings the claim against them in their official capacities. (Dkt. No. 38 at 24-25 (citing *Gunn v. Bentivegna*, No. 1:20-CV-2440, 2020 WL 2571015, at *2-3 (S.D.N.Y. May 19, 2020); *Parris v. New York State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 365-66 (S.D.N.Y. 2013)) (other citations omitted).)

Judge Baxter was wrong with respect to the three issues noted above. (Dkt. No. 39, Attach. 1.) Accordingly, the objections amount to an attempt to re-litigate issues already considered and decided by Judge Baxter. (*Id.*)

Because the objections simply refer the court to arguments made before Magistrate Judge Baxter, and, thus, are an attempt to re-litigate issues already presented to and decided by him, (*see generally* Dkt. No. 17, Attach. 8; Dkt. No. 37; Dkt. No. 38; Dkt. No. 39, Attachs. 1-3), they are general and trigger clear error review only.[2]  *See Smurphat v. Hobb*, No. 8:19-CV-804, 2021 WL 129055, at *2 (N.D.N.Y. Jan. 14, 2021) ("[W]hen an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by

---

[2] Additionally, to the extent that Ferguson argues that the R&R should be rejected because Judge Baxter's credibility determinations are wrong, district courts are entitled to defer to the magistrate judge, who conducted the hearing and heard the witnesses testify, with respect to credibility.  *See Carrion v. Smith*, 549 F.3d 583, 588 (2d. Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge." (citations omitted)); *McGinnis v. Crissell*, No. 9:13-CV-1538, 2019 WL 3228867, at *2 (N.D.N.Y. July 18, 2019) ("[A district court] is entitled to give a magistrate judge's findings of fact and credibility determinations such weight as [their] merit commands and the sound discretion of the judge warrants." (internal quotation marks and citations omitted)).

those arguments to only a *clear error* review." (citations omited)); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection.").

The court has carefully considered the R&R, and finds no clear error in Magistrate Judge Baxter's thorough analysis, which squarely addresses Ferguson's arguments and provides multiple, appropriate reasons for granting defendants' motion for summary judgment and denying Ferguson's cross-motion for partial summary judgment. Accordingly, the R&R is adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 38) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Ferguson's cross-motion for partial summary judgment (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED** that Ferguson's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

February 12, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge